IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ROBIN A. HOLCOMB,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 08-CV-616-FHM

## OPINION AND ORDER

Plaintiff, Robin A. Holcomb, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's September 14, 2005, protectively filed, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held October 24, 2007. By decision dated December 27, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 27, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 26 years old on the alleged date of onset of disability. She has a General Equivalency Diploma and formerly worked in retail sales, as a food service worker, and as a telephone solicitor. She claims to have been unable to work since January 2, 2005, as a result of obesity, affective mood disorder, and anxiety-related disorder. The ALJ determined that Plaintiff is limited to sedentary exertional work[2] with some postural and environmental limitations. [Dkt. 14, p. 21]. Based on the testimony of the vocational expert, the ALJ determined that Plaintiff is able to return to her past relevant work as a telephone solicitor as that work is actually performed. In addition, there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [Dkt. 14, pp. 14-15]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled, with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to perform a proper analysis of the medical opinions in the record and failed to perform an appropriate credibility

---

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small hand tools. 20 C.F.R. § § 404.1567, 416.967.

2

determination. The court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

The court rejects Plaintiff's assertion that the ALJ's decision should be reversed because the ALJ did not discuss the Global Assessment of Functioning (GAF) scores[3] which appear in the medical record. Plaintiff argues that the failure to discuss the GAF scores is tantamount to rejecting an opinion of a treating physician without providing adequate analysis or rationale for doing so as required by 20 C.F.R. § 416.927.

The ALJ did not mention Plaintiff's GAF scores. However, that does not require remand in this case. The ALJ accurately summarized the medical records. He noted that Plaintiff sought mental health treatment from Grand Lake Mental Health in May 2006. [Dkt. 14-2, p. 125]. On June 20, 2006, W. John Mallgren, DO, noted Plaintiff "has had a very nice response to medication." *Id.* at 123. However, she failed to show up for scheduled appointments in September and her file was closed in October 2006. *Id* at 120. Plaintiff's file was re-opened in November, 2006, *Id.* at 114, and by December 5, 2006, Dr. Mallgren reported Plaintiff's statement that "she is doing fairly well." [Dkt. 14-3, p. 23]. He noted her obsessive-compulsive behavior and anxiety had lessened with medication and she denied psychosis. *Id.* The record reflects that Plaintiff saw Dr. Mallgren on a regular basis from December 5, 2006 to August 7, 2007. On every encounter, Dr. Mallgren recorded Plaintiff's

---

[3] The GAF is a subjective determination based on a scale of 100 to 1 of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed.2000) at 32.

3

report that she was doing better on the prescribed medications, that the medications were working, or that they were controlling her symptoms. On these same visits, Dr. Mallgren noted that Plaintiff denied suicidal or homicidal ideations and psychosis. [Dkt. 14-2, p. 123; Dkt. 14-3, pp. 11, 12, 13, 18, 20, 23].

Based on Dr. Mallgren's notes, the ALJ concluded that "the medications have been relatively effective in controlling the claimant's symptoms when taken as prescribed." [Dkt. 14, p. 29]. The ALJ explained the weight given to the other Grand Lake Mental Health records saying that, except for Dr. Mallgren's notes, the mental health documents did not appear to be completed by or signed off by a doctoral level mental health professional. [Dkt. 14, pp. 27, 30]. The GAF scores to which Plaintiff refers were not signed by Dr. Mallgren. [Dkt. 14-2, pp. 100, 118, 133, 137, 142; Dkt. 14-3, pp. 3, 6]. Furthermore, the court notes that most of those scores were recorded while Plaintiff was not receiving the benefit of medication. The court finds that the GAF scores do not constitute a treating physician's opinion and that the ALJ did not err by failing to discuss them.

This case is not like the case cited by Plaintiff, *Givens v. Astrue*, 251 Fed.Appx. 561, 567 (10th Cir. 2007). The Tenth Circuit reversed *Givens* in part because the treating physician had assigned the claimant a GAF which was indicative of serious problems maintaining work but the ALJ's decision failed to provide any reason for rejecting that assessment. As previously stated, in this case the ALJ referred to the records generated at the Grand Lake Mental Health Center in some detail, [Dkt. 14, pp. 27-30], and explained that, except for Dr. Mallgren's records, they were not completed or signed off by a doctor level mental health professional. *Id.* at 30. It is thus clear that the ALJ accorded greater weight to the opinions of the treating physician, Dr. Mallgren.

Plaintiff argues that in assessing her credibility the ALJ: ignored many of the factors set forth in *Luna v. Brown*, 834 F.2d 161 (10th Cir. 1987); disagreed with her testimony regarding drug and alcohol abuse;[4] exercised his own medical expertise; failed to acknowledge the history of hallucinations; failed to tie his conclusions to the medical record; and applied the wrong standard of proof regarding her activities of daily living. [Dkt. 15, p. 4].

The court rejects Plaintiff's argument that the case should be remanded because of the ALJ's comment that Plaintiff testified that one time her grandmother took her to the hospital after her father spanked her hard enough to fracture her hip. [Dkt. 14, p. 23]. The ALJ observed that Plaintiff's testimony that there was no follow up treatment for her hip was inconsistent with a diagnosis of a hip fracture. Plaintiff argues that in making this comment the ALJ improperly "cross[ed] the line from the judicial field into the medical field," as prohibited by *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996). [Dkt. 15, p. 5]. The ALJ's comment in this case is distinguishable from the situation presented in *Miller* where the ALJ substituted his own opinion for that of the claimant's doctor. In the present case there are no medical records concerning a hip fracture, no physician's opinion about the subject, and no allegations of disability related to the hip.

In making the credibility determination, the ALJ compared Plaintiff's statements about her physical symptoms and found that her statements were out of proportion to the physical findings. [Dkt. 14, p. 28]. By way of example, the ALJ found Plaintiff's testimony

---

[4] The ALJ found that drug and alcohol abuse were not material to the determination of Plaintiff's disability case, [Dkt. 14, p. 18], contrary to Plaintiff's suggestion there is no indication that remote instances of drug or alcohol use was material to the ALJ's decision.

5

that her ankle "'gives out' once weekly" is inconsistent with a negative x-ray of the ankle. *Id.* The ALJ also addressed the negative x-rays of Plaintiff's spine and the lack of functional deficits on examination in comparison to her testimony about pain. *Id.* at 30. Despite his findings that Plaintiff exaggerated her symptoms, the ALJ favorably took her physical complaints into account by finding she was limited to the performance of sedentary work. [Dkt. 14, p. 21]. With regard to Plaintiff's mental limitations, the ALJ credited her numerous reports to Dr. Mullgren that the prescribed medications were effective in controlling her symptoms over her conflicting reports of her symptoms made to the social worker clinician. [Dkt. 14, p. 30]. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). Further, the court may not "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Id.*

The ALJ appropriately took Plaintiff's daily activities, which include the care of her four children, into account. The ALJ's decision included the statement that Plaintiff's "limited daily activities cannot be verified with any reasonable degree of certainty". [Dkt. 14, p. 30]. The inclusion of that statement is troubling. 20 C.F.R. § 404.1529 (c)(3)(i) states that the claimant's daily activities will be taken into account. There is no requirement that daily activities be "objectively verified with any reasonable degree of certainty." Rather than being "objectively verified", a feat that may not even be possible, the regulations state that the claimant's statements will be evaluated "in relation to the objective medical record." 20

C.F.R. § 404.1529 (c)(4).  However, even though the ALJ included language which misstates the standard to be applied to credibility determinations, the inclusion of that statement in this case does not render the remainder of the credibility determination infirm.

The court finds that the ALJ considered the kinds of factors set forth in *Luna v. Bowen*, 834 F.3d 161, 163-64 (10th Cir. 1987) in evaluating the credibility of Plaintiff's allegations of disabling pain.  Further, he recited what specific evidence he relied on in considering those factors, as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).  Plaintiff essentially disagrees with the weight the ALJ gave to the relevant factors.  However, the court may not reweigh the evidence on appeal.  Plaintiff also argues that the ALJ did not address all of the factors set forth in *Luna.*  However, as long as the ALJ sets forth the specific evidence he relies on in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the evidence."  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations, and his determination on this matter is supported by substantial evidence in the record.

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 29th day of September, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE